# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**BRIAN J. SCOTT, #14564-171**                                                                  **PETITIONER**

**VERSUS**                                                        **CIVIL ACTION NO. 5:09-cv-54-DCB-MTP**

**BRUCE PEARSON**                                                            **RESPONDENT**

## ORDER OF DISMISSAL

Petitioner, an inmate of the Bureau of Prisons, filed on April 3, 2009, a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and requested *in forma pauperis* status. On April 6, 2009, this Court entered an Order [3] that directed the Petitioner to file a completed *in forma pauperis* application or pay the required $5.00 filing fee, on or before April 27, 2009. The Order warned Petitioner that failure to timely comply with the requirements of the Order would lead to the dismissal of his Petition. Petitioner failed to comply with this Order.

On May 12, 2009, an Order [4] was entered directing Petitioner to show cause, on or before May 27, 2009, why this case should not be dismissed for his failure to comply with the Court's April 6, 2009 Order. In addition, Petitioner was directed to comply with the Court's previous Order [3], by filing a completed *in forma pauperis* application or paying the required filing fee, on or before May 27, 2009. The Order [4] to Show Cause warned Petitioner that failure to timely comply with the requirements of the Order would lead to the dismissal of his Petition without further notice. Petitioner has not complied with this Order.

Petitioner has failed to comply with two Court orders and he has not contacted this Court since April 3, 2009. This Court has the authority to dismiss an action for failure to

prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott,* 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Respondent has not been called on to respond to the Petition, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Order will be entered.

SO ORDERED, this the __12th__ day of __June__, 2009.

        S/David Bramlette
        UNITED STATES DISTRICT JUDGE